UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHAINE CARL CAGLE,<br><br>                   Petitioner,<br>    v.<br><br>JOHN D. SNAZA,<br><br>                   Respondent. | Case No. C19-5784-BHS-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for **October 25, 2019** |

This matter comes before the Court on petitioner's petition for writ of *habeas corpus* under 28 U.S.C. § 2241. Dkt. 5. Petitioner challenges the legality of his detention by the Thurston County Sheriff pending his extradition to Arizona to face criminal charges. *Id.*

Petitioner informed the Court that as of September 17, 2019, he has been extradited to Arizona and, therefore, is no longer in the respondent's custody in Thurston County, Washington. Dkts. 17, 18. As explained further below, this case is moot.

On August 28, 2019, the Court granted petitioner's motion to proceed *in forma pauperis* and issued an Order for Service and Return on the petition and directed an expedited briefing schedule. Dkts. 4, 6. On September 9, 2019, petitioner filed a "motion to stay lower court proceedings" (Dkt. 11) pending determination of his habeas petition and a "motion to expedite ruling of the motion to stay" which were noted for September 27, 2019 (Dkt. 12).

On September 10, 2019, respondent filed a response. Dkt. 15. On September 17, 2019, petitioner filed a response. Dkt. 16. Pursuant to the Court's briefing schedule, respondent's

optional reply brief was due on September 23, 2019, and the petition was directed to be noted for consideration on that day. Dkt. 6. On September 23, 2019, petitioner filed a "notice of change of address" (Dkt. 17) and "notice to the court as a matter of record" (Dkt. 18), notifying the Court that he had been surrendered to Yavapai Sheriffs deputies and extradited to Arizona on September 17, 2019.

For the reasons set forth below, the undersigned recommends that the petition be dismissed with prejudice as moot. Alternatively, the Court recommends the petition be dismissed without prejudice for failure to exhaust state court remedies. The Court further recommends that petitioner's motions to stay state court proceedings (Dkt. 11) and expedite hearing of his motion to stay state court proceedings (Dkt. 12) be denied as moot in light of the recommended dismissal of the petition or, alternatively, that they be denied under the *Younger* abstention doctrine.

## BACKGROUND

In his petition, petitioner states he was arrested on July 5, 2019, on a warrant from Arizona. Dkt. 5. On July 9, 2019, he states he refused to sign a waiver of extradition and by August 8, 2019, he had not been served with a Governors warrant. *Id.* He contends that no extension was requested by the government to hold petitioner for Arizona "beyond the maximum allowed by law" in violation of the Uniform Criminal Extradition Act. *Id.* Petitioner states on August 15, 2019, he was taken to Thurston County Superior court at which time the Government requested and was "granted a 7 day extension to allow Arizona more time to serve a Governors warrant." *Id.* Petitioner indicates his public defender did not object to the extension. *Id.* Petitioner states he is being held unlawfully "in excess of 30 day limit allowed by law … without a Governors warrant being served and without an extension being granted in a timely manner in

1  accordance with RCW 10.88.340 of the Uniform Criminal Extradition Act." *Id.* Petitioner
2  requests the Court issue an order directing his immediate release from custody. *Id.*

3  In response the respondent argues the petition should be denied and dismissed due to
4  petitioner's failure to exhaust his state court remedies. Dkt. 15. Respondent also notes that, as to
5  petitioner's claim of excessive time of incarceration, RCW 10.88.360 allows for a sixty-day
6  extension of time for extradition. *Id.* Respondent argues that petitioner's claim also fails on the
7  merits. Respondent contends the Court is constrained to reviewing only "(a) whether the
8  extradition documents on their face are in order; (b) whether the petitioner has been charged with
9  a crime in the demanding state; (c) whether the petitioner is the person named in the request for
10 extradition; and (d) whether the petitioner is a fugitive" and the petitioner does not challenge any
11 of these elements. Dkt. 15, at 3.

12 Respondent attaches a copy of the Washington State Governor's warrant dated August
13 20, 2019, copies of a requisition for extradition from the Governor of Arizona dated August 13,
14 2019, and a copy of the indictment and arrest warrant for petitioner from the Superior Court of
15 the State of Arizona, County of Yavapai, dated January 1, 2019. Dkt. 15-1.

16 Petitioner, in response, acknowledges being served with the Governor's warrant dated
17 August 20, 2019, on August 29, 2019. Dkt. 16. Petitioner does not argue that he has exhausted
18 state court remedies but argues that he was not required to do so. *Id.*

19 <center>DISCUSSION</center>

20 A. *Mootness*

21 Petitioner challenges his detention by the Thurston County Sheriff and requests the Court
22 order his immediate release pursuant to 28 U.S.C. § 2241. Dkt. 5. Under 28 U.S.C. § 2241(c)(3),
23 a petition for writ of habeas corpus may be brought in federal court by one who "is in custody in

REPORT AND RECOMMENDATION - 3

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). For a federal court to have jurisdiction over a case, there must be an actual case or controversy at the time the case is decided. *See Preiser v. Rodriguez*, 422 U.S. 475, 401 (1973) (citations omitted) ("The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.").

When the alleged wrongful conduct has ceased and there is no reasonable expectation that it will be repeated, an action to enjoin that wrong is moot. *See id.* at 402–03. If a party seeking relief cannot obtain the requested relief, that claim is moot and must be dismissed for lack of jurisdiction. *Ruvalcaba v. City of L.A.*, 167 F.3d 514, 521 (9th Cir. 1999). With regard specifically to extradition proceedings:

> A fugitive can challenge extradition by petitioning for a writ of habeas corpus, but the purpose of the writ is very limited because it only affects his detention in the asylum state. It does not affect the underlying charges against him. […] Once the fugitive is returned to the demanding state, the right to challenge extradition becomes moot: the fugitive is no longer being detained by the asylum state, and so, the legality of his or her detention there is no longer at issue.

*Barton v. Norrod*, 106 F.3d 1289, 1298 (6th Cir. 1997); *see also Johnson v. Buie*, 312 F.Supp. 312 F.Supp. 1349, 1351 (W.D. Miss. April 9, 1970) ("The theory behind permitting the fugitive to petition for habeas corpus in the asylum state is that it is a method of challenging the legality of his detention there.").

Here, petitioner argues the respondent, Thurston County Sheriff, violated his rights by holding him "in excess of 30 day limit allowed by law … without a Governors warrant being served and without an extension being granted in a timely manner in accordance with RCW 10.88.340 of the Uniform Criminal Extradition Act." *Id.* Petitioner contends the Thurston County Sheriff is without jurisdiction to detain him. *Id.* Petitioner requests the Court direct the respondent to immediately release him from custody. *Id.* Yet as of September 17, 2019,

REPORT AND RECOMMENDATION - 4

petitioner has been extradited to Arizona and is no longer in custody in Washington State. Dkts. 17, 18. Because petitioner is no longer in the respondent's custody, he can no longer obtain the relief he requests in his petition; therefore, the petition is moot.[1] Thus, the Court recommends the petition be dismissed with prejudice for lack of jurisdiction. *See Ruvalcaba,* 167 F.3d at 521.

Alternatively, as discussed in the next section, the petition should be dismissed without prejudice because petitioner has not exhausted available state remedies.

B.  Exhaustion

"[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). Petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Although there is no exhaustion requirement mandated by 28 U.S.C. § 2241, the Ninth Circuit Court of Appeals has held exhaustion is necessary as a matter of comity unless special circumstances warrant federal intervention prior to a state criminal trial. *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980); *see Younger v. Harris*, 401 U.S. 37 (1971); *and see Whelan v.*

---

[1] A habeas petitioner's challenges to the procedures followed under the extradition process prior to service of the Governor's warrant are moot once a valid Governor's warrant is served because the defendant is thenceforth lawfully in custody. *See Nessman v. Sumpter*, 27 Wash.App. 18, 20-21 (1980) (Holding that it need not rule on defendant's state habeas challenges to the procedures followed under the extradition process because "[a]t the time of the habeas corpus petition hearing the governor's warrant had been served. Defendant was thenceforth lawfully in custody. We note defendant does not challenge the validity of the governor's warrant."). Here, as in *Nessman*, petitioner does not challenge the validity of the Governor's warrant itself but the procedures prior to service of the Governor's warrant.

*Noelle*, 966 F. Supp. 992, 997 (D. Or. 1997) ("In the ordinary case, exhaustion of state remedies is a prerequisite to seeking habeas corpus in the federal court to avoid extradition."); *United States ex rel. Jackson v. Ruthazer*, 181 F.2d 588 (2nd Cir.), *cert. denied,* 339 U.S. 980, 70 S.Ct. 1027, 94 L.Ed. 1384 (1950); *Tickle v. Summers*, 270 F.2d 848 (4th Cir. 1959) ("It seems to us just as delicate a matter to take one out of the custody of an officer of an asylum state before rendition as to take one out of the custody of an officer of a demanding state after he has been returned there to await trial under an indictment."); *United States ex rel. Tucker v. Donovan,* 321 F.2d 114 (2nd Cir.1963); *Giles v. Merrill*, 322 F.2d 786 (10th Cir. 1963).

Whether special circumstances exist requires a factual appraisal by the court in each special situation. *Tickle*, 270 F.2d at 851 (quoting *Frisbie v. Collins,* 342 U.S. at 521, 72 S.Ct. at 511). Furthermore, "upon a showing that no state corrective processes are available or that state law is settled against examination into any claim made, state remedies are considered exhausted." *Whelan*, 966 F. Supp. at 997; *United States ex rel. Smith v. Jackson,* 234 F.2d 742, 747 (2nd Cir. 1956); *United States ex rel. Tucker v. Donovan, supra.*

Petitioner has not fully exhausted his available state court remedies as to the merits of his claim. Petitioner affirmatively states in his petition that he has not previously challenged his detention in any other way. Dkt. 5. As such, petitioner fails to show he exhausted state court remedies by presenting his federal constitutional or statutory claims to the Washington state trial and appellate courts. Petitioner also does not allege that no state corrective processes are available, that state law is settled against examination into any claim made, or that special circumstances warrant federal intervention in this case.

"When an accused fugitive is arrested, his judicial remedy if he opposes extradition and desires to test the legality of his arrest is to apply for a writ of habeas corpus." *Application of*

*Jeffries*, 15 Wash.App. 302, 304 (1975) (*citing* RCW 10.88.290). Chapter 7.36 of the Revised Code of Washington specifically provides the procedures regarding the habeas corpus writ in Washington State courts. Specifically, section 7.36.010 provides that "[e]very person restrained of his or her liberty under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered therefrom when illegal." RCW 7.36.010. In fact, under the Uniform Criminal Extradition Act, which governs the process for extradition pursuant to a Governor's warrant[2], Washington law specifically refers to this mechanism for review in such cases, providing that:

> No person arrested upon such warrant shall be delivered over to the agent whom the executive authority demanding him shall have appointed to receive him unless he shall first be taken forthwith before a judge of a court of record in this state, who shall inform him of the demand made for his surrender and of the crime with which he is charged, and that he has the right to demand and procure legal counsel; *and if the prisoner or his counsel shall state that he or they desire to test the legality of his arrest, the judge of such court of record shall fix a reasonable time to be allowed him within which to apply for a writ of habeas corpus.* When such writ is applied for, notice thereof, and of the time and place of hearing thereon, shall be given to the prosecuting officer of the county in which the arrest is made and in which the accused is in custody, and to the said agent of the demanding state: Provided, That the hearing provided for in this section shall not be available except as may be constitutionally required if a hearing on the legality of arrest has been held pursuant to RCW 10.88.320 or 10.88.330.

RCW 10.88.290 (emphasis added). Petitioner does not allege that he pursued his available state court remedies prior to filing his petition in federal court. Therefore, even if the Court finds that

---

[2] Pursuant to RCW 10.88.210 and 10.88.210 under the Uniform Criminal Extradition Act:
> Subject to the provisions of this chapter, the provisions of the Constitution of the United States controlling, and any and all acts of congress enacted in pursuance thereof, *the governor of this state may in his or her discretion have arrested and delivered up to the executive authority of any other state of the United States any person charged in that state with treason, felony, or other crime, who has fled from justice and is found in this state. […]*
> If the governor decides that the demand should be complied with, *he or she shall sign a warrant of arrest*, which shall be sealed with the state seal, and be directed to any peace officer or other person whom he or she may think fit to entrust with the execution thereof. The warrant must substantially recite the facts necessary to the validity of its issuance.

REPORT AND RECOMMENDATION - 7

the matter should not be dismissed as moot, the petition should nevertheless be dismissed for failure to exhaust state court remedies.

### C. Motion to Stay State Court Proceedings and Motion for Expedited Ruling on Motion for Stay

Alternatively, petitioner's motions should be denied under the *Younger* abstention doctrine. *Younger v. Harris*, 401 U.S. 37 (1971).

Under *Younger*, abstention from interference with pending state judicial proceedings is appropriate if (1) the proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity in the state proceedings to raise federal questions. *Dubinka v. Judges of the Superior Ct.*, 23 F.3d 218, 223 (9th Cir. 1994); *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

First, the fact that petitioner moved to stay state court proceedings makes it plain that state court proceedings were ongoing. Second, these proceedings involve extradition to another state pursuant to a Governor's warrant issued by the Governor of Washington State, as well as a pending criminal prosecution in Arizona, both of which are issues which implicate important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49, (1986); *Younger*, 401 U.S. at 43-44. Third, and related to the issue of exhaustion discussed above, petitioner has failed to allege facts showing he has been denied an adequate opportunity to address the alleged constitutional violations in the state court proceedings. Accordingly, to the extent petitioner's motions are not moot, the *Younger* abstention doctrine applies.

In extraordinary cases, a federal court may intervene in a pending state matter notwithstanding the *Younger* abstention rule. But, federal injunctive relief against pending state prosecutions is appropriate "[o]nly in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other

extraordinary circumstances where irreparable injury can be shown[.]" *Perez v. Ledesma*, 401 U.S. 82, 85 (1971); *Carden*, 626 F.2d at 84 (*Younger* abstention appropriate despite the prosecution's allegedly "unfair" charging practices and "deliberate delay" of the proceedings). Petitioner has failed to show injunctive relief is appropriate in this case.

Under the circumstances presented in this case, even if proceedings in Thurston County related to petitioner's extradition were still ongoing, federal intervention would be inappropriate and the Court should abstain from staying petitioner's state court proceedings. In sum, the Court should deny the petitioner's motions to stay and to expedite ruling on the motion to stay as moot or, alternatively, should deny the motions under the *Younger* abstention doctrine.[3]

## CERTIFICATE OF APPEALABILITY

A state prisoner or detainee who is proceeding under § 2241 must obtain a Certificate of Appealability ("COA") under § 2253(c)(1)(A) in order to challenge process issued by a state court. *Wislon v. Belleque*, 554 F.3d 816, 825 (9th Cir. 2009). A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El. v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, petitioner is not entitled to a certificate of appealability. If petitioner believes the Court should issue a certificate of appealability, he should set forth his reasons in his objections to this Report and Recommendation.

---

[3] Because the Court recommends the matter be dismissed as moot or, alternatively, for failure to exhaust state court remedies, the Court does not reach the other issues.

CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court dismiss the petition for writ of *habeas corpus* with prejudice as moot. Alternatively, the Court should dismiss without prejudice because petitioner failed to exhaust state remedies. The Court further recommends that petitioner's motions to stay state court proceedings (Dkt. 11) and expedite hearing of his motion to stay state court proceedings (Dkt. 12) be denied as moot. Alternatively, the Court recommends the motions be denied under the *Younger* abstention doctrine. The Court also recommends that a certificate of appealability should not be issued.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on **October 25, 2019**, as noted in the caption.

The Clerk is directed to provide a copy of this Report and Recommendation to petitioner and counsel for respondent.

Dated this 2nd day of October, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge